UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAURA SUE W., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>COMMISSIONER OF SOCIAL SECURITY, <br><br>　　　　Defendant. | Case No. 1:24-cv-00436-AKB-DKG <br><br>**MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |

## INTRODUCTION

Pending before the Court is Plaintiff's Petition for Review of the Commissioner of Social Security's denial of Disability Insurance Benefits (Dkt. 1). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal arguments are adequately presented and that oral argument would not significantly aid the decisional process. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b). For the reasons explained below, the Court adopts the Report and Recommendation of the United States Magistrate Court (Dkt. 22), overrules Plaintiff's objections (Dkt. 23), and affirms the ALJ's decision.

## BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits on August 24, 2021, originally alleging disability beginning February 5, 2019, but later amending her alleged onset date to August 24, 2021 (Dkt. 22 at 2-4). She was thirty-four years old on the amended onset date and has a limited education with past relevant work as a courier and deaf translator (*id.*). The ALJ found multiple severe impairments and determined that none of them, singly or in combination, met or equaled a listed impairment (*id.*).

The ALJ assessed a residual functional capacity ("RFC") for sedentary work with postural, environmental, and mental restrictions, including simple routine tasks, only occasional coworker and supervisor contact, no public interaction, and goal-oriented rather than production-rate pace (Dkt. 13 at 26). Although Plaintiff was unable to return to her past relevant work, the ALJ determined—based on vocational expert testimony—that she could perform jobs such as copy examiner, document preparer, and touchup inspector, each of which exists in significant numbers in the national economy (*id.* at 34-35).[1] The ALJ ultimately concluded that Plaintiff was not disabled from August 24, 2021, through October 23, 2023 (*id.* at 35).

After the Appeals Council denied review (Dkt. 1-1 at 1-3), Plaintiff sought judicial review in this Court on September 20, 2024 (Dkt. 1). The case was referred to the Magistrate Court, who issued a Report and Recommendation ("R&R") on July 30, 2025, recommending the ALJ's decision be affirmed (Dkt. 22). Plaintiff filed objections on August 12, 2025 (Dkt. 23), and the Commissioner responded on August 26, 2025 (Dkt. 24).

## OBJECTIONS

Plaintiff raises two objections to the R&R. First, she argues that the ALJ erred by omitting handling and fingering restrictions from the RFC, contending that the R&R placed undue emphasis on normal grip-strength findings while disregarding medical records of swelling, synovial hypertrophy, reduced squeeze strength, and suspected rheumatoid arthritis (Dkt. 23 at 2-4). Second, Plaintiff objects that the ALJ improperly assessed Plaintiff's mental limitations by rejecting all medical opinions and relying instead on treatment records despite her history of severe depression, anxiety, PTSD, and occasional hallucinations (*id.* at 5-6).

---

[1] The Commissioner later conceded that the touchup inspector position was not appropriate, but maintained that the remaining jobs supported the ALJ's step five finding (Dkt. 18 at 6-7).

## LEGAL STANDARD

The Court reviews de novo the portions of the R&R to which objections have been made. 28 U.S.C. § 636(b)(1). The ALJ's decision must be upheld if supported by substantial evidence and free of legal error. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is susceptible to more than one rational interpretation, the Court must defer to the ALJ's interpretation. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

## ANALYSIS

**1.    Handling and Fingering Restrictions**

Plaintiff objects that the Magistrate Court erred in upholding the ALJ's decision to exclude handling and fingering restrictions from the RFC (Dkt. 23 at 2-4). She points to medical records documenting swelling, synovial hypertrophy, reduced squeeze strength, and suspected rheumatoid arthritis (Dkt. 13 at 95, 729-30, 793-94, 816-17, 825-26), and argues the ALJ improperly substituted her own judgment for medical opinion evidence (Dkt. 23 at 3-4).

The Court recognizes that the record contains conflicting evidence. Some examinations note the symptoms Plaintiff identifies, while others document full grip strength and range of motion. Plaintiff argues that the ALJ's focus on grip strength was myopic, because handling and fingering limitations may exist even where grip strength remains intact. But, it was the role of the ALJ to weigh the competing evidence, not this Court.

The ALJ also considered Plaintiff's reported activities, such as knitting, crafting, and gaming, to discount her alleged limitations. Plaintiff argues considering these activities was improper because her statements reflected difficulty rather than ability. The Magistrate Court

agreed that the ALJ overstated the significance of Plaintiff's hobbies but found the error harmless because of the medical evidence (Dkt. 22 at 10-11).

In response, the Commissioner argues that the ALJ's analysis of hobbies was reasonable because Plaintiff gave inconsistent reports. For example, in June 2022, Plaintiff listed knitting as one of her hobbies, but by July 2022 she said she "used to knit" and could no longer do so due to hand pain. Around that time, she also denied being able to use her hands, yet reported playing video games (Dkt. 13 at 424, 429, 431). She later reported working in data entry and enjoying it, with her limitations stemming from anxiety and fatigue rather than manual dexterity (*id.* at 711). The Commissioner also highlights contemporaneous exam findings showing normal grip strength and range of motion (*id.* at 733, 796, 819).

The Court concludes that, even if the ALJ overstated the probative value of Plaintiff's hobbies or focused heavily on grip strength, the longitudinal medical record independently supports the RFC. The dispositive question is not whether the ALJ perfectly weighed every piece of evidence, but whether the ALJ's ultimate findings rest on substantial evidence. Given the repeated findings of normal grip strength and Plaintiff's inconsistent self-reports, the ALJ's determination to omit manipulative restrictions was a rational interpretation of the record. The Court, therefore, overrules Plaintiff's first objection.

2. **Mental RFC**

Plaintiff next objects that the Magistrate Court erred in affirming the ALJ's assessment of Plaintiff's mental limitations (Dkt. 23 at 5-6). Plaintiff argues that the ALJ rejected all medical opinions and improperly relied on raw treatment records despite Plaintiff's history of PTSD, depression, anxiety, and hallucinations.

The Court disagrees. As the Magistrate Court explained, the ALJ did not wholly disregard the state-agency psychological opinions. Rather, the ALJ explicitly considered them but found

them not completely persuasive because they were based on stale evidence that did not account for Plaintiff's subsequent psychiatric hospitalization and later treatment records. Still, even if not sufficient themselves, those stale opinions still support the ALJ's analysis. Moreover, the ALJ ultimately imposed greater restrictions than the state consultants recommended. While the state consultants opined Plaintiff could perform simple work with occasional social interaction and minimal public contact, the ALJ added that Plaintiff could perform only goal-oriented work rather than production-rate pace (Dkt. 13 at 26-27).

Moreover, Plaintiff points to treatment notes documenting severe symptoms, but she identifies no medical opinion evidence supporting greater limitations than those the ALJ already imposed. Instead, she identifies a single record from 2021 which is belied by subsequent records. In this context, Plaintiff's argument essentially asks the Court to reweigh raw treatment notes and second-guess the ALJ's resolution of conflicting evidence, which is beyond the Court's role. Because the ALJ reasonably resolved the evidentiary conflicts and grounded the analysis in the longitudinal record, the Court finds that substantial evidence supports the mental RFC determination. The Magistrate Court correctly concluded that no legal error occurred. Accordingly, this Court overrules Plaintiff's second objection.

## CONCLUSION

Having conducted a de novo review, the Court finds that the ALJ's decision is supported by substantial evidence and free of legal error. The Magistrate Court's Report and Recommendation (Dkt. 22) is adopted in full.

## ORDER

IT IS ORDERED:

1. Plaintiff's Objections (Dkt. 23) are OVERRULED.

2. The Report and Recommendation (Dkt. 22) is ADOPTED.

3. The ALJ's decision denying benefits is AFFIRMED.

4. This action is DISMISSED in its entirety with prejudice.

DATED: September 23, 2025

Amanda K. Brailsford
U.S. District Court Judge